■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK TRIPPE, Appellant. — Judgment, Supreme Court, New York County (Leff, J.), rendered on November 7, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Murphy, P. J., Kupferman, Sandler, Lupiano and Bloom, JJ.

■ JAY A. FRISHMAN, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Application to set aside and annul order of respondent State Division of Human Rights, dated January 31, 1980, withdrawn, with prejudice, and without costs and without disbursements. No opinion. Concur — Birns, J. P., Sandler, Ross, Markewich and Bloom, JJ.

---

# (November 24, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBRAHAM SABANO-VICH, Appellant. — Judgment, Supreme Court, Bronx County (Shackman, J.), rendered January 21, 1980, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of no less than 6 years and no more than 18 years, unanimously modified, as a matter of discretion in the interest of justice, by reducing the sentence to a minimum of 5 years with a maximum of 15 years, and as modified, otherwise affirmed. Considering all of the relevant facts in the record and the defendant's background, we find the sentence excessive to the extent indicated. Concur — Murphy, P. J., Markewich, Silverman and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BULGER, Appellant. — Judgment, Supreme Court, New York County (McQuillan, J.), rendered on November 5, 1979, convicting appellant, after a plea of guilty, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of at least 7 years to a maximum of 21, unanimously modified, as a matter of discretion in the interest of justice, by reducing the sentence to a minimum of 5 years with a maximum of 15 years and, as modified, otherwise affirmed. Considering all the relevant facts in the record and the defendant's background, we find the sentence excessive to the extent indicated. Concur — Murphy, P. J., Markewich, Silverman and Fein, JJ.